# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRIS TAYLOR, AIS # 206256,** : | |
| **Plaintiff,** : | |
| vs. : | **CIVIL ACTION 11-0377-CG-N** |
| **CYNTHIA WHITE, <u>et al.</u>,** : | |
| **Defendants.** : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.

I. <u>Complaint</u>. (Doc. 1).

Plaintiff's claims are based on a disciplinary conviction that he received on June 27, 2011 for possession of contraband, a communication device. (Doc. 1 at 11). Plaintiff names as defendants: Sergeant Andrea Moore, the arresting officer; Correctional Officer Justin Holden, the hearing officer; and Warden Cynthia White, the approving officer.

Plaintiff alleges that when he returned to his bed after getting out of the shower, defendant Moore asked him if a pair of shoes under his bed belonged to him. (<u>Id</u>. at 4). Plaintiff responded that he did not own the shoes. (<u>Id.</u>). He believed that someone put them there while he was in the shower. (<u>Id.</u>). Defendant Moore then asked the entire dorm who owned the shoes

and said that the person who claims them will also be claiming the cell phone found in them. (Id.). Ten days later plaintiff was written a disciplinary even though witnesses said that the shoes did not belong to plaintiff. (Id. at 5).

Plaintiff claims that defendant Moore subjected him to a "vindictive" prosecution and cruel and unusual punishment. (Id.). Defendant Moore testified at the disciplinary hearing that after an investigation, the shoes were determined to belong to plaintiff. (Id. at 7). The disciplinary hearing officer, defendant Holden, is alleged to have prior knowledge of the incident because he was assisting defendant Moore search for another item when the shoes were discovered under plaintiff's bed. (Id. at 6-7). Defendant Holden found plaintiff guilty based on defendant Moore's testimony. (Id. at 7, 11). Plaintiff claims that defendant White, in her review of the disciplinary conviction, failed to adequately investigate the charge and conviction against him and to rule that the evidence was insufficient after plaintiff told her that evidence showed that the shoes were found in a common area. (Id. at 5).

For relief, plaintiff requests that his disciplinary be expunged from his file, he receive $500.00 from each defendant, and he be given a new parole date if he is denied parole on account of this disciplinary. (Id. at 8). Attached is a copy of the disciplinary report which reflects that plaintiff did not lose good-time credits. (Id. at 11). The report shows that he was sentenced to thirty days' loss of phone and store privileges, six months' loss of visitation privileges, and thirty days in disciplinary segregation. (Id.).

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319,

2

325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. 662, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). The court will treat these factual allegations as true. Iqbal, 566 U.S. at ___, 129 S.Ct. at 1949. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

3

action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 129 S.Ct. 1937. Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III. Analysis.

    A. Lack of a Liberty Interest.

Plaintiff is challenging a disciplinary that did not result in the loss of good-time credits. His disciplinary sentence required that he be confined to disciplinary segregation for thirty days, and lose thirty days of phone and store privileges and six months of visitation privileges (Doc. 1 at 11). Since the decision in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), an inmate must demonstrate that he suffered a "grievous loss" as a result of a disciplinary proceeding in order for a liberty interest to be found to which due process attaches. In Sandin, when an inmate challenged his thirty-day segregation sentence based on a due process violation, the Supreme Court was unable to find a right inherent in the Due Process Clause not to be placed in disciplinary segregation and a state-created liberty interest to be free from disciplinary segregation. Id. at 487, 115 S.Ct. at 2302. In concluding that no liberty interest was implicated by the inmate's placement in disciplinary segregation, and thus no due process was required, the Court stated its holding was a return to the due process principles of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), that required an inmate suffer a "grievous loss" before a liberty interest could be found. Sandin, 515 U.S. at 478-83, 115 S.Ct. at 2297-2300 (recognizing that good-time credits were a state-created liberty interest and their deprivation would be a "grievous loss"). The Sandin Court ruled that in the future liberty interests "will be

4

generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484, 115 S.Ct. at 2300 (citations omitted). The Court concluded confinement to disciplinary segregation was not a dramatic departure from the ordinary conditions of incarceration, was the type of discipline a prisoner should expect as an incident to his criminal sentence, and "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485-86, 115 S.Ct. at 2301.

In the present action, plaintiff's confinement to disciplinary segregation for thirty days did not deprive plaintiff of a liberty interest inherent in the Constitution. Likewise, no state-created liberty interest was implicated because plaintiff's allegations do not include information on which a liberty interest could be found. Thus, plaintiff's segregation confinement did not deprive him of a liberty interest to which due process could attach. Accordingly, the complaint has failed to show that plaintiff had a liberty interest not to be confined to disciplinary segregation. Compare Williams v. Fountain, 77 F.3d 372, 374 n.3 (11th Cir.) (finding that twelve months of solitary confinement "'represent[s] substantially more atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life,' [and] we assume that [a prisoner suffering such] a liberty deprivation [is] entitled to due process"), cert. denied, 519 U.S. 952 (1996), with Sandin, 515 U.S. at 475, 487, 115 S.Ct. at 2296, 2302 (finding a thirty-day disciplinary sentence did not violate the Constitution or impinge upon a state-created liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (affirming that two months' confinement to administrative segregation was not a deprivation of constitutionally protected liberty interest).

5

In regard to the remainder of plaintiff's disciplinary sentence, plaintiff's thirty-day loss of phone and store privileges and six-month loss of visitation privileges do not reflect a loss of a liberty interest to which due process attaches, either under the Constitution or by the State's creation. The Court finds the Constitution does not grant an inmate a right in visitation, store, and telephone privileges. See Kentucky Dept. of Corrs. v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989) (finding an inmate does not have a protected interest in visitation arising from the Due Process Clause); Moore v. Pemberton, 110 F.3d 22, 23 (7th Cir. 1997) (finding no loss of liberty or property when prisoner received as part of his disciplinary punishment a two-week loss of commissary privileges); Walker v. Loman, CA 06-0896-WKW, 2006 WL 3327663, at *1, *3 (M.D. Ala. Nov. 15, 2006) (unpublished) (holding the 90-day loss of store, telephone and visitation privileges, recommended custody increase, and referral for possible free-world prosecution did not result in the deprivation of a liberty interest); see Overton v. Bazzetta, 539 U.S. 126, 136, 123 S.Ct. 2162, 2170, 156 L.Ed.2d 162 (2003) (finding that a two-year restriction on an inmate's visitation privileges for two substance abuse violations was not a dramatic departure from his conditions of confinement because the object of prison is confinement which requires the surrendering of liberties and privileges enjoyed by other citizens, with the freedom of association being the least compatible right). Moreover, the Alabama courts have determined a prisoner does not have a state-created liberty interest in store, telephone and visitation privileges. Dumas v. State, 675 So.2d 87, 88 (Ala. Crim. App. 1995).

An inmate's ability to visit, to shop, and to use the telephone is heavily restricted while in prison, as are most aspects of an inmate's life. Sandin, 515 U.S. at 485, 115 S.Ct. at 2301. The further restriction of these privileges for a short period of time is a less severe punishment than confinement to disciplinary segregation. Such restriction is not "atypical," nor is it a "significant

hardship" under the Sandin analysis, and is a type of discipline that should be expected by a prisoner as an incident to his criminal sentence. See Id. at 475, 485, 115 S.Ct. at 2296, 2301. Thus, plaintiff does not have a liberty interest in phone, store, and visitation privileges to which due process could attach.

    B.  Defendant White.

Plaintiff claims that his civil rights were violated due to insufficient evidence to show that the shoes were his and to the infraction not being "properly and adequately investigated." (Doc. 1 at 5). These allegations are directed to defendant White who was the warden reviewing the disciplinary proceedings. By this Court's holding that plaintiff was not deprived of a liberty interest, the Court is prohibited from considering these alleged due process claims based on insufficient evidence and an inadequate review of plaintiff's disciplinary proceedings. Johnson v. Smith, CA No. 2:11-CV-59-RWS, 2011 WL 1134315, at *6-*7 (N.D. Ga. Mar. 25, 2011) (unpublished) (dismissing plaintiff's procedural due process claim for not being able to appeal because he had no constitutionally protected liberty interest arising from his confinement to disciplinary segregation); McKeithan v. Jones, 212 F.App'x 129, 130 (3d Cir. 2007) (unpublished) (finding that six months' confinement to disciplinary segregation did not violate a liberty interest and, therefore, the court was prohibited by Sandin from reviewing the inmate's sufficiency of the evidence claim); Holland v. Taylor, 604 F. Supp.2d 692, 701 (D. Del. Mar. 26, 2009) (holding that a prisoner "has no constitutional basis to object to the adequacy of an appeal process"); Chance v. Compton, 873 F. Supp. 82, 86 (W.D. Tenn. 1994) (ruling in a pre-Sandin case that "a right to appeal disciplinary convictions is not within the narrow set of due process rights enunciated by Wolff"); cf. Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (finding that the prisoner "does not have a federally protected liberty interest in having these grievances

resolved to his satisfaction [and, therefore,] any due process violation arising from the alleged failure to investigate his grievances is indisputably meritless[]"); Thomas v. Warner, 237 F. App'x 435, 437-38 (11th Cir. 2007) (unpublished) ("We agree with other circuits that have decided that a prisoner doe not have a constitutionally-protected liberty interest in an inmate grievance procedure.").[2]

C. Defendant Moore.

In addition, plaintiff claims the disciplinary proceeding was a "vindictive" prosecution and was cruel and unusual punishment on defendant Moore's part. (Doc. 1 at 5). However, plaintiff does not state a vindictive/malicious prosecution claim because he has not shown that he prevailed in having his disciplinary conviction set aside in a prison administrative process. Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (finding that a prisoner's § 1983 claim for malicious prosecution was without merit because his claim that the hearing officer was biased and deceitful in the disciplinary, where he lost good-time credits, would have undermined the disciplinary conviction, and he had not shown that his disciplinary conviction had been previously invalidated); see also Heck v. Humphrey, 512 U.S. 477, 484, 489, 114 S.Ct. 2364, 2371, 2373, 129 L.Ed.2d 383 (1994) (like a common-law claim for malicious prosecution that requires the accused prove the termination of criminal proceedings in his favor, a § 1983 claim for malicious prosecution also requires as an essential element that the plaintiff prove the termination of criminal proceedings in his favor or a § 1983 cause of action does not exist). Thus, in the absence of information showing that plaintiff's disciplinary has been invalidated, his claim for malicious prosecution fails to state a claim upon which relief can be

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

granted. Edwards Darby v. Schuetzle, No. 1:08-cv-110, 2010 WL 1233883, at *7 (D. N.D. Feb. 24, 2010) (unpublished) (observing that the favorable termination of a disciplinary conviction is also an essential element in establishing a malicious prosecution claim in accordance with Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)); Dempsey v. Cain, No. 09-0666-JJB-CN, 2011 WL 1790218, at *3 (M.D. La. Apr. 18, 2011) (unpublished) (finding the inmate did not state a claim for malicious prosecution because the disciplinary charges had not been overturned); see also Colantuono v. Hockeborn, No. 10-CV-6446L, 2011 WL 3555600, at *5 (W.D.N.Y. Aug. 11, 2011) (finding that when the "prisoner's period of incarceration is not impacted by disciplinary proceedings, the inmate has no claim for malicious prosecution under section 1983").

In addition, plaintiff alleges that defendant Moore violated his Eighth Amendment right to be free from cruel and unusual punishment. To state a claim for such a violation, plaintiff must allege an objectively, "sufficiently serious" deprivation that has resulted from the denial of "the minimal civilized measure of life's necessities" by prison officials. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (citations and quotation marks omitted). However, because plaintiff is a prisoner "restrictive conditions of confinement [can be imposed] upon plaintiff without violating the Eighth Amendment, as long as those conditions do not involve the wanton and unnecessary infliction of pain or are not grossly disproportionate to the severity of the crime warranting imprisonment." Abbott v. McCotter, 13 F.3d 1439, 1441-42 (10th Cir. 1994) (citations and quotation marks omitted); see Overton, 539 U.S. at 136, 123 S.Ct. at 2170 (ruling that the two-year restriction of visiting privileges for two substance abuse violations did not violate the Eighth Amendment even though it will make the prisoner's confinement more difficult). Here, plaintiff has not alleged that he has suffered from an

objectively serious condition that denied him "the minimal civilized measures of life's necessities," nor has he alleged that he suffered pain that was wanton or unnecessary or that his treatment is grossly disproportionate to his conviction. See Id. Accordingly, plaintiff has failed to state a claim for a violation of the Eighth Amendment.

       D. Defendant Holden.

Plaintiff also alleges a vague claim against defendant Holden for a "violation of his civil rights" and for violating "ADLOC Admin Reg 403(b)." (Doc. 1 at 6). The mere assertion of a violation of civil rights with no description of the right that he believes was violated fails to state a claim upon which relief can be granted. However, liberally construing plaintiff's claim with his supporting facts, it appears that he may be attempting to raise a claim that the hearing officer was biased because defendant Holden had prior knowledge of the incident. This type of due process claim fails because plaintiff was not deprived of a liberty interest in his disciplinary proceedings. Plaintiff has not lost good-time credits and he does not allege "that he suffered any disciplinary action that was in excess of the sentence he was serving or was an atypical and significant hardship[.]" Nelson v. Green, No. 04-14933, 2005 WL 3116747, at *2 (11th Cir. Nov. 23, 2005) (unpublished) (citing Sandin, 515 U.S. at 484, 115 S.Ct. at 2300); see Brooks v. Culliver, No. 2:04-cv-1180-WKW, 2006 WL 3450138, at * 6 (M.D. Ala. 2006) (unpublished) (holding plaintiff's claim that the disciplinary officer was biased was frivolous because plaintiff was not deprived of a liberty interest in the disciplinary proceedings).

The other aspect of plaintiff's claim against defendant Holden is that he violated the administrative regulation 403(b) of the Alabama Department of Corrections. The contents of this regulation are not described. Nevertheless, this claim fails because a § 1983 claim is only stated when there has been violation of the Constitution or federal law, not when an administrative

10

regulation had been violated. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) (ruling that to state a claim under 42 U.S.C. § 1983, a plaintiff must establish he was deprived "of rights, privileges, or immunities secured by the Constitution or laws of the United States"), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right. Adams v. Green, 2007 WL 1663094, at *1 (M.D. Ala. May 18, 2007). An agency violating its own rules does not rise to the level of a constitutional deprivation. State v. Smith, 684 F.2d 279, 732, n.6 (11th Cir. 1982). Accordingly, plaintiff has failed to state a claim against defendant Holden.

IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 10th day of January, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURALRIGHTS ND
RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).